# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EXOCEL BIO, INC.,

*Plaintiff,*

v.

PATRICK RETIF and JILLIAN VOGEL,

*Defendants.*

CIVIL ACTION
NO. 24-5202

**Pappert, J.**                                                    **April 22, 2026**

### MEMORANDUM

Exocel Bio, Inc. sued its former CEO Patrick Retif and Senior Vice President of Sales and Marketing Jillian Vogel, alleging misappropriation of trade secrets, procurement of information by improper means, common law unfair competition, conversion, breach of contract, and breach of fiduciary duty. Retif answered and filed counterclaims in which he accused Exocel Bio of breaching an indemnification agreement. After Exocel Bio answered the counterclaims, Retif moved for judgment on the pleadings and requested Exocel Bio indemnify him for legal fees and advance all future fees. The Court denies the motion.

I

Exocel Bio, Inc. is a biotechnology company specializing in exosome-based skincare products. (Compl. ¶ 16, Dkt. No. 1.) In April of 2021, Patrick Retif joined Exocel Bio as a member of its advisory board, a director, and acting CEO. (*Id.* ¶ 47.) Retif and Exocel Bio entered into an indemnification agreement that required Exocel Bio, in certain circumstances, to indemnify Retif and advance various expenses. (Exocel Bio's Answer to Am. Countercl. ¶ 1, Dkt. No. 50.) With respect to

1

indemnification, the parties agreed: "Notwithstanding any other provision in this Agreement, no determination as to entitlement to indemnification under this Agreement shall be required to be made prior to the final disposition of the Proceeding." (Indemnification Agreement § 2(c)(i), Retif's Am. Countercl. Ex. "A," Dkt. No. 49-1.) And for advancements, the indemnification agreement provided in part:

> To the fullest extent permitted by applicable law, the Company shall advance all Expenses actually and reasonably incurred by Indemnitee in connection with a proceeding within thirty (30) days after receipt by the Company of a statement requesting such advances from time to time, whether prior to or after final disposition of any Proceeding. . . .

(*Id.* § 2(a).)

Sometime after Exocel Bio filed this lawsuit in September of 2024, Retif's counsel "sent a communication to Exocel Bio's counsel regarding indemnification." (Exocel Bio's Answer to Am. Countercl. ¶ 7.)  Exocel Bio has yet to reimburse Retif for any legal expenses.  (*Id.*)

## II

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  The pleadings closed after Exocel Bio answered Retif's counterclaims.  *See* 2 *Moore's Federal Practice* § 12.38 (2026); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

When a counterclaimant moves for judgment on the pleadings, "the question . . . is whether on the undenied facts alleged in the [counterclaim] and assuming as true all material allegations of fact in the answer, the [counterclaimant] is entitled to judgment as a matter of law."  *Mo. Pac. R.R. Co. v. Nat'l Milling Co.*, 409 F.2d 882, 885 (3d Cir. 1969) (citation omitted); *see also* 2 *Moore's Federal Practice* § 12.38 (taking allegations

in the answer as true but only doing the same when those in the counterclaim "do not conflict with denials in the answer"). In other words, a district court must "grant the motion only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012).[1]

### III

Retif seeks relief under the indemnification agreement, which the Court must "construe and interpret in accordance with the laws of the state of Delaware." (Indemnification Agreement § 13(a) (citation modified)). Retif argues, and Exocel Bio does not dispute, that Delaware law controls, *see* (Retif's Mem. of L. in Supp. of Mot. at 12, Dkt. No. 57); *see generally* (Exocel Bio's Resp. in Opp'n, Dkt. No. 66), so the Court will "respect the choice of law that parties agree upon to resolve their private disputes," *see Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 155 (3d Cir. 2001).

Delaware courts "give priority to the parties' intentions as reflected in the four corners of the agreement, construing the agreement as a whole and giving effect to all its provisions." *N. Am. Leasing, Inc. v. NASDI Holdings, LLC*, 276 A.3d 463, 467 (Del. 2022) (citation omitted). Those agreements may require a corporation to indemnify or provide advancements to a former director, officer or employee involved in a lawsuit. *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 358 (3d Cir. 2014). Retif

---

[1] Retif attached the indemnification agreement to his counterclaim, and Exocel Bio attached a declaration from Retif to its answer, *see* (Decl. of Retif, Exocel Bio's Answer to Am. Countercl. Ex. 1, Dkt. No. 50-1). The Court considers both because they are "written instruments attached to [the pleadings]." 2 *Moore's Federal Practice* § 12.38; *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

contends, incorrectly, that the pleadings entitle him to both.[2]  (Retif's Mem. of L. in Supp. of Mot. 12–16.)

## A

Retif cannot seek indemnification at this time.  The indemnification agreement proscribes a "determination as to entitlement to indemnification . . . prior to the final disposition of the Proceeding."  (Indemnification Agreement § 2(c)(i).)  A "Proceeding" is "any actual, threatened, pending, or completed action [or] suit . . . brought by . . . the Company . . . in which [Retif] was, is, will or might be involved as a party . . . by reason of any action (or failure to act) taken by [Retif]."  (*Id.* § 11(h).)  This action is pending, and Retif never points to a provision that provides otherwise.

## B

Nor is Retif entitled to advancement of any expenses.  Under the indemnification agreement, Exocel Bio "shall advance all Expenses actually and reasonably incurred by [Retif] in connection with a Proceeding . . . after receipt by the Company of a statement requesting such advances."  (Indemnification Agreement § 2(a).)  The parties defined "Expenses" as "all direct and indirect costs, fees and expenses of any type or nature whatsoever, including all attorneys' fees and costs."  (*Id.* § 11(f).)

But Exocel Bio denies receiving a request for advances.  (Exocel Bio's Answer to Am. Countercl. ¶ 7.)  It only alleges Retif "sent a communication . . . regarding

---

[2]    Retif also seeks declaratory relief that Exocel Bio must indemnify him for the cost of this litigation.  (Retif's Mem. of L. in Supp. of Mot. at 12.)  He alleges Exocel Bio breached the agreement by refusing to do so.  *See* (*Id.* at 1, 13–15).  But courts "regularly decline" to award declaratory relief when it is "duplicative of another claim."  *Kapotas v. CTP Funding, LLC*, No. 24-1995, 2025 WL 2250003, at *11 (E.D. Pa. Aug. 6, 2025) (citations omitted) (dismissing a declaratory relief claim for being duplicative of a breach of contract claim); *PGT Trucking, Inc. v. Evanston Ins.*, No. 24-4503, 2025 WL 607971, at *2 (E.D. Pa. Feb. 25, 2025) (same).

indemnification," which it has not fulfilled.  (*Id.*); *see also Aleynikov*, 765 F.3d at 358

("Indemnification and advancement are related but distinct avenues by which a

business entity pays for an individual's legal expenses.").  Retif never attached the

communication to the pleadings, nor has he shown Exocel Bio received proof or a

statement of expenses he actually and reasonably incurred.[3]  And nowhere does he

address Exocel Bio's ten defenses to advancement.  *See* (Exocel Bio's Answer to Am.

Countercl. at 6–10); *see also Connections Acad. of Pa., LLC v. Commonwealth Charter

Acad. Charter Sch.*, 20-cv-592, 2020 WL 12739578, at \*2 (M.D. Pa. Sep. 14, 2020)

(order) (denying judgment on the pleadings where affirmative defenses were

unresolved).  Without that information, a genuine issue of material fact remains as to

whether Retif's communication constitutes a statement requesting such advances.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

---

[3]    Retif claims he "has incurred attorney's fees and other costs related to this litigation totaling $53,679.64," (Retif's Mem. of L. in Supp. of Mot. at 15–16), but that information is not part of the pleadings.