IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EXOCEL BIO, INC.,

*Plaintiff,*

v.

PATRICK RETIF and JILLIAN VOGEL,

*Defendants.*

CIVIL ACTION
NO. 24-5202

**Pappert, J.**                                                    **May 5, 2026**

**MEMORANDUM**

Exocel Bio, Inc. sued former employees Patrick Retif and Jillian Vogel, alleging, among other things, misappropriation of trade secrets under the Defend Trade Secrets Act. Kimera Labs, Inc. moved to intervene because Exocel Bio, Retif and Vogel had purportedly misappropriated its trade secrets. The Court grants the motion.

I

A

Kimera Labs, Inc. is a biotechnology company that sells therapeutic exosome products. (Compl. in Intervention ¶¶ 1–2, Dkt. No. 51-4.) Since 2015, it accumulated "a unique list of customers and distributors for its exosome products." (*Id.* ¶ 18.) The list included customers' names, addresses, pricing information, preferences, and ordering history, all of which Kimera sought to keep confidential by limiting distribution and restricting access. *See* (*Id.* ¶¶ 18–21).

In 2019, Dr. Melissa Selinger, a then-Kimera employee, met with Alexander Contreras, Raj Jayashankar, and Deb Hubers about creating a business to compete against Kimera. (*Id.* ¶¶ 27–28.) To help in that venture, Dr. Selinger gave them the

1

customer list and said it was "Kimera's confidential trade secret information."  (*Id.* ¶ 27.)  Months later, Contreras, Jayashankar and Hubers founded Exocel Bio, Inc. and purportedly used the customer lists to poach Kimera's customers.  (*Id.* ¶¶ 33, 35.)

Kimera then sued Exocel Bio, Contreras, Jayashankar and Hubers in the Southern District of California, alleging misappropriation of trade secrets and replevin. Compl., *Kimera v. Jayashankar*, No. 21-cv-2137 (S.D. Cal. Dec. 28, 2021), Dkt. No. 1. Kimera claimed its customer list and manufacturing process were trade secrets under the DTSA.  *Id.* ¶¶ 27, 30–35.  Four years later, those defendants moved for summary judgment.  The district court granted the motion with respect to the manufacturing process but denied it for the customer list, finding a genuine issue of material fact as to whether that information was a trade secret and whether the defendants misappropriated it.  Summ. J. Mem. at 54–62, *id.* (S.D. Cal. Sep. 30, 2025), Dkt. No. 477.

B

While the California lawsuit was ongoing, Exocel Bio sued its former CEO Patrick Retif and Senior Vice President of Sales and Marketing Jillian Vogel for, among other things, misappropriating trade secrets.  (Compl. at 16–22, Dkt. No. 1.)  Exocel Bio alleged it kept proprietary information on its customers, including current and prospective customer names, contact information, preferences, and pricing information. (*Id.* ¶¶ 28–29.)  Before he resigned in July of 2024, Retif purportedly downloaded that information, (*id.* ¶¶ 62–63, 67), and Vogel, who also left around that time, emailed customers to buy from a competing business where she now works, *see* (*Id.* ¶¶ 94–97).

2

Kimera believes Exocel Bio's customer list "incorporate[s] *Kimera's* trade secret customer lists and information that Exocel Bio first misappropriated from Kimera." (Compl. in Intervention ¶ 37.)  And because Retif and Vogel allegedly took that information from Exocel Bio, Kimera claims they too misappropriated its trade secrets. (*Id.* ¶ 40.)

## II

Kimera first seeks to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).  A potential intervenor has such a right if it shows: (1) the motion was timely, (2) a sufficient interest in the litigation, (3) disposing the litigation may impair or impede its interest and (4) its interest is not adequately represented by an existing party.  *See* Fed. R. Civ. P. 24(a)(2); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519–20 (3d Cir. 2014).  These requirements are "construed liberally" and "doubts should be resolved in favor of the proposed intervenor."  6 *Moore's Federal Practice* § 24.03[1][a] (2026) (collecting cases).

In determining whether a party has a right to intervene, the Court accepts as true all well-pleaded, nonconclusory allegations in the motion, the proposed complaint, declarations supporting the motion, and pleadings or affidavits from the opposing party.  *Id.*  Courts do not assess the merits of the intervenor's claim unless such a claim is frivolous.  *Id.*

## A

The Third Circuit Court of Appeals has "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene."  *Wallach v.*

*Eaton Corp.*, 837 F.3d 356, 371–72 (3d Cir. 2016) (citation omitted).  Timeliness turns on "the totality of the circumstances arising from three factors: (1) the stage of the proceedings, (2) the prejudice that delay may cause the parties and (3) the reason for the delay."  *Id.* at 371 (citation modified and omitted).

1

Kimera moved to intervene at an early stage because no "proceedings of substance on the merits have occurred."  *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).  By the time it filed the motion on November 25, 2025, (Dkt. No. 51), the pleadings had closed two months earlier, (Dkt. No. 50), and the Court had not held a Rule 16 conference or put a scheduling order in place, (Dkt. Nos. 63 & 64.)  Discovery ends in October of 2026, and the parties have until February of 2027 to file dispositive motions.  (Dec. 16, 2026 Scheduling Ord. ¶ 1, Dkt. No. 63); *see also Mountain Top Condo. Ass'n*, 72 F.3d at 369–70 (finding a motion timely where "some written discovery and settlement negotiations had occurred" and no depositions had been taken or dispositive motions filed); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (same where the pleadings had closed two weeks before the motion and thus "made at an early stage of the proceedings").

Exocel Bio believes this is a late stage because preliminary injunction proceedings have occurred, initial discovery has been exchanged, and a motion to enforce a subpoena against JuveXO has been pending since December of 2024.  (Exocel Bio's Resp. in Opp'n at 11–12, Dkt. No. 65.)  But the Court never decided the preliminary injunction motion, *see* (Jan. 13, 2025 Ord., Dkt. No. 41), or ruled on the

4

subpoena.  None of these proceedings go to the merits of the case, and "[t]he mere passage of time . . . does not render [Kimera's] application untimely."  *Mountain Top Condo. Ass'n*, 72 F.3d at 369; *cf. Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) (rejecting intervention when the motion came "at a late stage in the proceedings, after significant discovery had taken place and after many substantive motions had been adjudicated").

2

Nor did the delay prejudice the parties.  The prejudice must "flow[] from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more difficult."  *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (citation modified and omitted).  Matthew Modafferi, Kimera's attorney of record in the Southern District of California lawsuit, stated that he and Kimera were not aware of this case until October 22, 2025—thirty-four days before the motion to intervene.  *See* (Decl. of Modafferi ¶¶ 1, 7, Dkt. No. 51-2).

That delay did not prejudice the parties.  Retif expresses no view on prejudice, and Vogel supports the motion because it "is both proper and necessary to determine whether Exocel Bio is the rightful owner of the purported trade secrets."  (Vogel's Resp. in Supp. of Mot. at 2, Dkt. No. 60.)  Exocel Bio, on the other hand, says intervention would disrupt the litigation, cause delay, and "improperly reframe the issues in this case, giving Kimera a second bite at the apple instead of focusing on the issues Exocel Bio has brought to the Court."  (Exocel Bio's Resp. in Opp'n at 12.)  But those

"allegations are general, speculative, and concern inconvenience and not prejudice . . . that results from the [delay]." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 378 (5th Cir. 2001).  Kimera has "no right to relitigate issues already decided." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994).  The Southern District of California lawsuit will have its trial in July of 2026, *see* Am. Scheduling Ord., *Kimera Labs Inc. v. Jayashankar*, No. 21-2137 (S.D. Cal. Mar. 11, 2026), Dkt. No. 501, and Exocel Bio can invoke claim or issue preclusion against Kimera should it prevail, *see* 18 *Wright & Miller's Federal Practice & Procedure* § 4405 (3d ed. 2026).

3

Lastly, Kimera's delay was justified.  Delay is "measured from the time the proposed intervenor knew or should have known of the alleged risks to his or her rights." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 950 (3d Cir. 2012).  Again, Kimera learned of the lawsuit a month before it filed the motion.[1]  *See* (Decl. of Modafferi ¶ 7); *see also United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994) (finding intervention timely because the motion came forty-three days after the intervenor became aware of the potential risk); *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022) (same where the proposed intervenor's "motion came just three months after it discovered that its leases were involved in this litigation").

---

[1]    Exocel Bio contends Kimera should have known about this case over a year ago because, in July of 2024, its former counsel in the California lawsuit sent an email stating: "Kimera has become aware Jillian Vogel and Patrick Retif recently left Exocel's employment and are now working for a different company who is a Kimera competitor.  Kimera is concerned [they] will disclose Kimera's trade secret information to their new employer."  (Decl. of Jason Stearns ¶ 3, Dkt. No. 65-1.)  He also "expressed an intention to depose Retif (and possibly Vogel) based on the allegations in the lawsuit." (*Id.* ¶ 6.)  None of that information suggests Kimera should have known about this case.

B

Kimera next asserts an interest in a customer list Exocel Bio, Retif, and Vogel allegedly misappropriated. "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). That interest must be "specific" to the intervenors, "capable of definition," legal in nature, and "directly affected in a substantially concrete fashion by the relief sought." *Id.*; *Mountain Top Condo. Ass'n*, 72 F.3d at 318. Courts evaluate the interest in light of "the elasticity that Rule 24 contemplates" and "pragmatic considerations." *Kleissler*, 157 F.3d at 970.

Kimera has a sufficient interest in property that is the subject of this action for three reasons. First, it has a direct and specific interest in the customer list Retif and Vogel purportedly misappropriated from Exocel Bio. Kimera alleges it created a "unique list" of customers for its exosome products, including their names, addresses, pricing information, preferences, and ordering history. *See* (Compl. in Intervention ¶¶ 18, 21.) Dr. Selinger disclosed the list to Exocel Bio executives who then used the information to poach Kimera customers. *See* (*Id.* ¶¶ 28–35). Second, Kimera seeks relief against all parties for purportedly misappropriating its trade secrets, *see* (*id.* ¶¶ 37–41), which is an interest "the law deems worthy of protection," *see* 6 *Moore's Federal Practice* § 24.03[2][a]; *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1003–04 (1984) (holding that trade secrets are a valid a property interest); *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 56–57 (9th Cir. 1960) (finding an interest in a trade secret is a sufficient interest under Rule 24(a)); *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1290–95 (D.C. Cir. 1980) (allowing intervention of right to protect the intervenor's

interest in confidential work product).  Third, pragmatic considerations favor intervention because Kimera could "contribute to a greater understanding of the issues" raised by the parties.  *Harris v. Pernsley*, 820 F.2d 592, 600 (3d Cir. 1987).

Exocel Bio insists Kimera "vastly exaggerates the similarity between its alleged trade secret customer list" in the two lawsuits.  (Exocel Bio's Resp. in Opp'n at 13.)  And Kimera supposedly "had no such trade secret list at the relevant time," nor will its claims "materialize" into proof.  (*Id.* at 14.)  That may be true, but the Court cannot resolve the merits of Kimera's claims at this time.  6 *Moore's Federal Practice* § 24.03[1][a] (collecting cases).

C

Kimera also must show "disposing of the action may as a practical matter impair or impede its ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  To do so, the action must pose "a tangible threat" to a potential intervenor's interest.  *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 162 (3d Cir. 1995) (citation omitted).  "[T]his burden is minimal," and Kimera can satisfy it by showing the case's disposition would put it "at a practical disadvantage in protecting its interest."  *Est. of Lewis v. City of Columbus*, 158 F.4th 814, 827 (6th Cir. 2025) (citation omitted).

Disposing of this case may present a tangible threat to Kimera's interest.  Under the DTSA, Kimera must prove its customer list is a protectable trade secret.  *See Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021).  Retif's and Vogel's success on that element "would certainly impair" Kimera's interest in its customer list.[2]

---

[2]    Exocel Bio claims Kimera "can adequately protect its interest in the pending California Federal Lawsuit," *see* (Exocel Bio's Resp. in Opp'n at 16), but neither Retif nor Vogel are involved in that case.

*Innova Specialties Inc. v. Parnell Lab'ys (AUST) Pty, Ltd.*, No. 9cv0553, 2010 WL 2757287, at \*3 (E.D. Mo. July 12, 2010); *see also Armour of Am. v. United States*, 70 Fed. Cl. 240, 245 (2006) ("The loss of trade secrets or other proprietary information by [the intervenor] undoubtedly constitutes a practical injury."); *Aerosonic LLC v. Joby Aero, Inc.*, No. 25-cv-554, 2026 WL 575184, at \*2 (M.D. Fla. Mar. 2, 2026) (order) (finding impairment based on the "fear of disclosure and conversion of trade secrets" (citation omitted)).

## D

Finally, Kimera must prove "representation of [its] interest" by the existing parties "'may be' inadequate." *Mountain Top Condo. Ass'n*, 72 F.3d at 368. This burden is "minimal," and the Court must compare the parties' respective interests. *Id.*

Kimera meets its burden. It wishes to sue all parties for misappropriation of trade secrets. *See* (Compl. in Intervention at 1). Retif and Vogel contend the customer list isn't a trade secret, *see* (Vogel's Answer at 31, Dkt. No. 11); (Retif's Answer ¶ 2, Dkt. No. 49), and Exocel Bio admits Kimera is its "competitor[] and adversar[y]," *see* (Exocel Bio's Resp. in Opp'n at 9 n.7); *see also* 7C *Wright & Miller's Federal Practice & Procedure* § 1909 ("Almost as easy to resolve are the cases in which a party who may, in some sense, represent the absentee is also adverse to the absentee.").

## III

Kimera alternatively seeks to intervene under Federal Rule of Civil Procedure 24(b)(1)(B). A district court may permit a party to intervene if it files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court must consider whether intervention will

unduly delay or prejudice adjudication of the original parties' rights, *id.* 24(b)(3), and that decision is "highly discretionary," *see Territory of Virgin Islands*, 748 F.3d at 519 (citation omitted).

Permissive intervention is warranted. Kimera's motion is timely, *see supra* Section II.A, and its claims share a common question of law with Exocel Bio's claims—namely, whether the customer list is a trade secret under the DTSA. Any delay from intervention won't be undue or prejudice adjudication for the reasons already stated. *See supra id.*

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

10