**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EXOCEL BIO, INC., et al.,<br>*Plaintiff,*<br>v.<br>PATRICK RETIF and JILLIAN VOGEL,<br>*Defendants.* | CIVIL ACTION<br>NO. 24-05202 |
| KIMERA LABS, INC.,<br>*Intervenor-Plaintiff,*<br>v.<br>EXOCEL BIO, INC., et al.,<br>*Defendants.* | |

**Pappert, J.** **September 14, 2026**

**MEMORANDUM**

Patrick Retif was previously the Chief Executive Officer of Exocel Bio, Inc., a biotechnology company that develops skincare products. Jillian Vogel served as the company's Senior Vice President of Sales and Marketing. Both resigned from the company in 2024 and Exocel subsequently sued them, alleging misappropriation of trade secrets, common law unfair competition, procurement of information by improper means, conversion, breach of contract, and breach of fiduciary duty. Retif counterclaimed, accusing Exocel of breaching an Indemnification Agreement, which, among other things, obligates Exocel to advance all expenses "actually and reasonably

incurred" by Retif in the event he is, as here, a party to a proceeding brought by or in the right of the company.

Retif previously moved for judgment on the pleadings, requesting that Exocel indemnify him for legal fees and advance all future fees in this proceeding. The Court denied the motion, holding that Retif was not entitled to indemnification prior to the lawsuit's final disposition and that he failed to show that the fees and costs he wanted advanced were actually and reasonably incurred. (Dkt. Nos. 70 and 71.) He now moves for partial summary judgment on the advancement of expenses issue, but again without any evidence that those expenses were actually and reasonably incurred in this proceeding. The Court denies the motion accordingly.

I

The Indemnification Agreement's advancement provision provides:

> To the fullest extent permitted by applicable law, the Company shall advance all Expenses **actually and reasonably incurred** by Indemnitee in connection with a proceeding within thirty (30) days after receipt by the Company of a statement requesting such advances from time to time, whether prior to or after final disposition of any Proceeding . . . .

(Indemnification Agreement § 2(a), Dkt. No. 87-5 (emphasis added).) If, later, a court determines that Retif is not entitled to be indemnified under the agreement, he "undertakes to repay such amounts advanced." (*Id.*)

After the initiation of this suit, Retif's counsel emailed Exocel's counsel demanding advancements under the Agreement. (Dec. 17, 2024, Demand Letter, Dkt. No. 87-7.) The email invoked "Section 2(a) of the Agreement" and listed the "current amount of Mr. Retif's" expenses, including $35,343.00 due to the Law Offices of George

Bodenger and $40,000.00 owed to Bochetto & Lentz, P.C. (*Id.*) The demand purported to define advanceable expenses under "Section 11(f)" of the Agreement, (*Id.*), which provides that "Expenses" means "all direct and indirect costs, fees and expenses of any type or nature whatsoever, including all attorneys' fees and costs, retainers, court costs," etc., (Indemnification Agreement § 11(f).) The letter provided no time entries, specification of fees or expenses, or any other evidence of tasks being performed or charges per task.

Retif's counsel submitted a declaration with his summary judgment motion listing an updated "total amount of attorneys' fees" that exceeded $100,000. (Declaration of David Heim at 2, Dkt. No. 87-3.) Heim stated that the December demand was sent "pursuant to Section 2(a) of the Indemnification Agreement" but did not represent that the sums were "actually or reasonably incurred" or explain how they were calculated. (*Id.* at 2.) Exocel has not reimbursed Retif for any legal costs. (Exocel's Answer to Am. Countercl. ¶ 50.)

II

Federal Rule of Civil Procedure 56 directs a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This language compels summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A nonmoving party has not made that sort of showing if "the record taken as a whole could not lead a rational trier of fact to find" in the party's

favor. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citation omitted). The party must identify "specific facts, as opposed to general allegations," establishing each element. 10A *Wright & Miller's Federal Practice and Procedure* § 2727.2 (4th ed. 2026).

III

The Court must "construe and interpret" the Indemnification Agreement "in accordance with the laws of the state of Delaware." (Indemnification Agreement § 13(a) (citation modified).) A party making a fee application bears the burden of justifying the amounts sought. *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 995 (Del. Ch. 2012) (citing *Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 823-24 (Del.1992)). Advancement proceedings typically require a moving party to show that expenses were incurred "by reason of the fact" that the indemnitee was a former officer of the indemnitor. *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 214 (2005). This standard is interpreted broadly and in favor of advancement, especially when, as here, advancement provisions are written in mandatory language. *Pontone v. Milso Indus. Corp.*, 100 A.3d 1023, 1050 (Del. Ch. 2014); *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 823 (Del. 1992). But the Indemnification Agreement also reflects the parties' desire to constrain advanceable expenses, and Delaware courts "give priority to the parties' intentions as reflected in the four corners of the agreement, construing the agreement as a whole and giving effect to all its provisions." *N. Am. Leasing, Inc. v. NASDI Holdings, LLC*, 276 A.3d 463, 467 (Del. 2022) (citation omitted). Retif must have "actually and reasonably incurred" all expenses for which he seeks advancement. (Indemnification Agreement § 2(a).)

The Delaware Code provides that corporations have power to indemnify anyone for expenses "actually and reasonably incurred." Del. Code Ann. tit. 8, §§ 145(a), (b), (c)(1), (c)(2). The Indemnification Agreement mirrors this language and applies it to Retif's indemnifiable *and* advanceable expenses. (Indemnification Agreement §§ 1(b), 2(a).) The Delaware Supreme Court has adopted a three-part test for determining whether potentially indemnifiable or advanceable expenses have been "actually and reasonably" incurred:

> In determining whether fees meet that standard, Delaware courts have considered, [1] were the expenses actually paid or incurred; [2] were the services that were rendered thought prudent and appropriate in the good faith professional judgment of competent counsel; and [3] were charges for those services made at rates, or on a basis, charged to others for the same or comparable services under comparable circumstances.

*IAC/InterActiveCorp v. O'Brien*, 26 A.3d 174, 179 (Del. 2011) (citing a case applying the test in an advancement proceeding). Retif's advanceable fees, therefore, must be both "expenses" within the meaning of Section 11(f) and "actually and reasonably incurred" within the meaning of Section 2(a) and the Delaware Supreme Court's guidance.

There is no evidence Retif has even attempted to satisfy any prong of this test. The December 2024 demand letter provides no further "proof or a statement of expenses he actually and reasonably incurred." (Apr. 22, 2026, Mem. Op. at 5, Dkt. No. 70.) Heim's Declaration sheds no light on the issue. Moreover, Retif misrepresents the Indemnification Agreement's terms, saying Exocel is required to "advance all Expenses incurred by or on behalf of [Retif]," omitting, apparently deliberately, the express "actually and reasonably" requirement. (Retif's Mem. of L. in Supp. of Mot. at 3, Dkt.

No. 87-2.)[1] Genuine issues of material fact remain as to Retif's entitlement to the advancement of his purported expenses.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.

[1] Retif actually misrepresents the text of the Agreement at least five times. First, he argues that he is owed "all expenses and fees incurred for 'proceedings by or in the right of the Company' . . . ." (Retif's Mem. of L. in Supp. of Mot. at 3.) Second, he purports to quote Section 2(a) of the Agreement as noted above. Third, he represents that he is "entitled to advancement of all costs and attorneys' fees incurred to date in this litigation." (*Id*. at 9 (citation modified).) Fourth, in his Reply, Retif says Exocel "completely ignores the indisputable requirements and plain language" of the Agreement, which he says provides that Exocel "shall advance all Expenses incurred by or on behalf of [Retif]. . . ." (Retif's Reply at 1, Dkt. No. 94.) Fifth, he claims that "Plaintiff's 'actually and reasonably incurred' argument is a fabricated standard." (*Id*. at 6.) He supports this argument by quoting language that, again, does not appear in the Agreement, namely that "Section 2(a) requires only 'a statement or statements from Indemnitee requesting such advance or advances.'" (*Id*. at 7.) Section 2(a) actually states that Retif may provide "a statement requesting such advances from time to time," where the antecedent to "such advances" is "Expenses actually and reasonably incurred." (Indemnification Agreement § 2(a).)